RECEIVED OCT 06 2014

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID ABRAMS a/k/a : (Prisoner)
ABRAHAMS, : Civil Action No.
    Plaintiff, : 3:14-cv-56
: (JCH)
:
v. :
:
COUNSELOR SCRIBINSKI, et.al, :
    Defendants. : August 18, 2014

PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER re: THE DEFENDANTS' DEPOSITION OF THE PLAINTIFF
FRCP, Rule -26(c)(2) and (5)

The pro-se plaintiff, DAVID ABRAMS a/k/a ABRAHAMS, respectfully moves this court for a protective order regarding the defendants' conduct of the deposition of the plaintiff by not allowing any correctional officer to be present during the tentatively scheduled deposition

of Thursday, October 2, 2014 at 10:00 am, including any other dates thereafter, on the grounds that by permitting a correctional officer to be present during the deposition when such officer or officers are not parties to the civil action will seriously expose the inmate plaintiff to reprisals at the Cheshire Correctional Institution in Cheshine, Connecticut shortly after the completion of the deposition.

Connecticut correctional officers are notorious and extremely vicious in retaliating against inmates who sue Department of Correction employees for alleged misconduct and violations of the Civil Rights Act. The reprisals will come directly to the plaintiff in the following forms:

    1. Retaliatory cell housing searches where plaintiff's personal property will be destroyed or thrown into extreme disarray as if a hurricane/storm had hit the prisoner's cell;

-2-

2. Retaliatory issuance of <u>DOC-Disciplinary Reports</u> under various and baseless pretexts;

3. Bodily assaults by correctional officers;

4. Vicious and repeated verbal harassment, and

5. Many other forms of selective harassment too lengthy to list in this motion.

Correctional officers permitted to be present at such a deposition will <u>guarantee</u> <u>the massive dissemination</u> of all the questions and answers heard in that deposition to all other <u>DOC</u> employees at the <u>Cheshire Correctional Institution</u>.

Correctional officers permitted to be present at such a deposition will <u>immediately</u>

impose a chilly effect on the plaintiff during the deposition which will have a adverse status on the validity of the deposition's transcript at trial.

If the plaintiff is subjected to any reprisals of any kind by DOC employees as a direct or indirect result of the plaintiff's testimony at the deposition will automatically result in additional federal lawsuits on a massive level. Therefore, it is an absolute necessity that prison guards are effectively bar from the deposition room and effectively far away from the deposition room to prevent their ability to overhear what is being said in that deposition room.

If the counsel for the defendants is afraid of the plaintiff, legal counsel should search for a profession that does not interact with prisoners. Defense counsel has failed to produce any evidence that could possibly justify a correctional officer's presence

-4-

at the deposition. In fact, it appears that defense counsel may be psychologically unstable and is making wild precautions to suit her flaky paranoia or she knows in advance that by having a correctional officer in the deposition room will increase the possible retaliatory conduct of a DOC employee against the plaintiff to unconstitutionally punish the plaintiff for filing his federal lawsuit against the current defendants.

WHEREFORE, the plaintiff respectfully seeks this court to grant the protective order as a matter of justice and on the grounds that no correctional officers are named as a party in the above-captioned civil action and, therefore, no correctional officers have any rights to be present at the deposition.

Dated: August 18, 2014

Respectfully submitted,

*David Abrams*

David Abrams # 241224
(Pro Se Plaintiff)
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

## CERTIFICATION

This is to certify that a true copy of the foregoing Plaintiff's Motion For A Protective Order re: The Defendants' Deposition of the Plaintiff, FRCP, Rule-26(c)(2) and (5) was mailed, postage prepaid, on this 18th day of August 2014 to: DeAna S. Varunes, Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105.

*David Abrams*

David Abrams # 241224