FILED
2014 NOV 20 P 2:32

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| DAVID ABRAMS a/k/a ABRAHAMS, Plaintiff, | (Prisoner) Civil Action No. 3:14-cv-56 (JCH) |
| v. | |
| COUNSELOR SCRIBINSKI, et al, Defendants. | October 10, 2014 |

## PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY, FRCP. Rule-37(a)

The plaintiff, DAVID ABRAMS a/k/a ABRAHAMS, respectfully moves this court for an order pursuant to the Federal Rules of Civil Procedure, Rule-37(a) compelling defendants, COUNSELOR SCRIBINSKI, CAPTAIN CLAUDIO and DEPUTY WARDEN GUADARRAMA, to answer fully the number interrogatories listed below and with copies of

which are attached hereto. The plaintiff had submitted the interrogatories, pursuant to the Federal Rules of Civil Procedure, Rule-33 on July 29, 2014, but had received on some of the interrogatories evasive answers and several refusals to answer many other interrogatories put to them. Additionally, the defendants had deceitfully altered the verbatim written discovery request after they all had been forewarn not to commit such an act. The malicious altered discovery request had been rendered totally defective.

The plaintiff also respectfully moves this court for an order pursuant to the Federal Rules of Civil Procedure, Rule-37(a) compelling defendants, COUNSELOR SCRIBINSKI, CAPTAIN CLAUDIO and DEPUTY WARDEN GUADARRAMA, to produce a true copy of the documents listed below and are listed in the attached hereto. Plaintiff had submitted a written request for the documents, pursuant to the Federal Rules of Civil Procedure, Rule-34 on July 29, 2014, but the defendants had refused to produce a copy of the documents.

-2-

The plaintiff also respectfully moves this court for an order requiring the aforesaid three defendants to pay the plaintiff the sum of $750.00 each and separately as reasonable punishment for forcing the pro-se plaintiff-prisoner in obtaining this order, on the grounds that the defendants evasive answers and refusal to answer the interrogatories, including the refusal to produce a copy of the requested discovery documents, had no legitimate or substantial justification. The action and/or omissions that were committed by the three defendants were solely to maliciously abuse the federal discovery rules though their obstructionist conduct.

Defendant COUNSELOR SCRIBINSKI

First, the defendant, SCRIBINSKI, had, without the consent of the plaintiff, altered the plaintiff's entire verbatim written discovery request causing the discovery request to be totally

defective. SCRIBINSKI was forewarned by the plaintiff not to pull such a deceitful stunt - but she had ignored the plaintiff's warning.

Second, the defendant, SCRIBINSKI, had flatly refused to or had evasively answered the interrogatories number #1 through #4, and #9. All objections invoked were baseless.

Third, the defendant, SCRIBINSKI, had, without the consent of the plaintiff, specifically and intentionally altered the oath certification section "under penalty of perjury" on Page-6 of the plaintiff's discovery request dated July 29, 2014. By believe, the defendant had committed this alteration to facilitate her perjured answers to the interrogatories.

Fourth, the defendant, SCRIBINSKI, fabricated a flaky excuse not to adequately respond to the production of documents request #1(a) through (c), and #2. All objections invoked were baseless.

-4-

### Defendant CAPTAIN CLAUDIO

First, the defendant, CLAUDIO, had, without the consent of the plaintiff, altered the plaintiff's entire verbatim written discovery request causing the discovery request to be totally defective. CLAUDIO was forewarned by the plaintiff not to pull such a deceitful stunt - but she had ignored the plaintiff's warning.

Second, the defendant, CLAUDIO, had flatly refused to or had evasively answered the interrogatories number #1 through #4. All objections invoked were baseless.

Third, the defendant, CLAUDIO, failed to provide a notary public seal on Page-4 of her interrogatories section dated September 22, 2014.

Fourth, the defendant, CLAUDIO, had, without the consent of the plaintiff, specifically and intentionally altered the oath certification section "under penalty of perjury" on Page-3 of the plaintiff's discovery request dated July 29, 2014. By believe, the defendant had committed this

alteration to facilitate her perjured answers to the interrogatories.

Fifth, the defendant, CLAUDIO, fabricated a flaky excuse not to adequately respond to the production of documents request # 1(a) and (b), and # 2. All objections invoked were baseless.

## Defendant DEPUTY WARDEN GUADARRAMA

First, the defendant, GUADARRAMA, had, without the consent of the plaintiff, altered the plaintiff's entire verbatim written discovery request causing the discovery request to be totally defective. GUADARRAMA was forewarned by the plaintiff not to pull such a deceitful stunt — but he had ignored the plaintiff's warning.

Second, the defendant, GUADARRAMA, had flatly refused to or had evasively answered interrogatories number # 1 through # 8. All objections invoked were baseless.

Third, the defendant, GUADARRAMA, had, without the consent of the plaintiff, specifically and intentionally altered the oath certification section "under penalty of perjury," on Page-8 of the plaintiff's discovery request dated July 29, 2014. By believe, the defendant had committed this alteration to facilitate his perjured answers to the interrogatories.

Fourth, the defendant, GUADARRAMA, fabricated a flaky excuse not to adequately respond to the production of documents request #1(a) through (g), #2 through #6, and #8 through #13. All objections invoked were baseless.

Pursuant to the Fed. R. Civil Proc. Rule-37(a)(2)(A) and Local Civil Rules, Rule-9(d)(2), the pro-se plaintiff-prisoner had on September 30, 2014 made a good-faith attempt by letter addressed to defense counsel, Assistant Attorney General DeAnn S. Varunes, to confer with her over the discovery dispute the defendants have

-7-

provoked. The plaintiff provided the defendants until <u>October 9, 2014</u> to serve him with the proper interrogatory answers and to produce the documents requested. The plaintiff warn the defendants to correct their conduct by ending the obstruction and to immediately adhere to the discovery rules as written and to obey the instructions requested. The defendants maliciously ignored the plaintiff's <u>September 30th letter</u>. (<u>A copy of that letter is attached</u>)

The defendants will not end their abusive conduct in connection to the plaintiff's discovery request until this court intervenes to compell the defendants to comply fully with discovery.

The plaintiff has no other remedy at law, except for the <u>FRCP Rule-37(a)</u> for an order and sanctions, that will force the defendants to also obey future discovery request in this civil action. The plaintiff reasonably expects that additional waves of discovery request would be made and the defendants are attempting to <u>kill-the-clock</u> on the discovery period.

-8-

WHEREFORE, the pro-se plaintiff-prisoner seeks this court to grant, in its entirety, the foregoing motion to compel discovery, upon all three defendants. This motion is supported by the accompanied declaration and memorandum of law.

Dated: October 10, 2014

Respectfully submitted,

David Abrams
David Abrams # 241224
(Pro Se Plaintiff)
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

### CERTIFICATION

This is to certify that a true copy of the foregoing Plaintiff's Motion For An Order Compelling Discovery, FRCP Rule-37(a) was mailed, postage prepaid, on the 10 day of October 2014, to: DeAnn S. Varunes, Asst. Atty. General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

David Abrams
David Abrams # 241224