## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID ABRAMS | :  CIVIL NO. 3:15CV56 (JCH) |
| a/k/a  ABRAHAMS | : |
| *Plaintiff,* | : |
| | : |
| VS. | : |
| | : |
| COUNSELOR SCRIBINSKI, ET AL. | : |
| *Defendants.* | :  SEPTEMBER 22, 2014 |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### DIRECTED TO DEFENDANT COUNSELOR SCRIBINSKI

The defendant, Counselor Scribinski, hereby responds to plaintiff's First

Set of Interrogatories and Request for Production of Documents as follows:

1.    State and spell correctly your first name, middle initial and surname as

exactly and currently shown on your state motor vehicle driver's license.

**Answer:**

**The information you have is sufficient for the purposes of this**

**litigation, and there is no dispute that I am a Counselor. However,**

**the correct spelling of my last name is "Skribiski."**

2.    State the <u>exact date</u> when you was first assigned to the MacDougall

Correctional Institution (MCI), and state the correctional institution you had

directly originated from before your assignment to the M.C.I.

**Answer:**



ATTACHMENT

I have been assigned to MacDougall-Walker Correctional Institution since my employment by the Department of Correction on August 22, 2003.

3.     Had the DOC agency imposed any disciplinary action against you during the period of January 1, 2008 through December 31, 2013

Answer:

OBJECTION. Due to safety and security concerns, I will not answer this interrogatory.

Subject to and without waiving the foregoing objection, the answer is no.

4.     If the answer to the above interrogatory number three was in the affirmative, please provide specific details on that or those acts of misconduct you were disciplined by the DOC agency and the very date the impose disciplinary action was taken against you, including eh exact disciplinary action that was or were imposed upon you for such misconduct.

Answer:

See Response to Interrogatory 3, above.

2

5.    Did you make a request to the DOC to have the plaintiff transferred out
of the MacDougall Correctional Institution?

**Answer:**

    No.

6.    If the answer to the above interrogatory number five was in the
affirmative, state the exact date that you made such a request to the DOC
agency.

**Answer:**

    **See Response to Interrogatory 5, above.**

7.    Did you know an inmate whose nickname was "Trash" who was
housed in the MCI, H-Pod housing unit in April – June 2013?

**Answer:**

    No.

8.    Of the answer to the above interrogatory number seven was in the
affirmative, state the inmate's full name and DOC inmate number.

**Answer:**

    **See Response to Interrogatory 7, above.**

9.    Were you a tobacco smoker during the period of March 1, 2013

through April 30, 2013?

**Answer:**

**OBJECTION. This interrogatory is irrelevant, intended to harass, and**

**not likely to lead to the discovery of admissible evidence.**

DEFENDANT
Counselor Scribinski (Skribiski)

GEORGE JEPSEN
ATTORNEY GENERAL

BY: DeAnn S. Varunes

DeAnn S. Varunes
Assistant Attorney General
Federal Bar No. 25903
110 Sherman Street
Hartford, CT 06105
Telephone No: (860) 808-5450
Fax No. (860) 808-5591
E-mail: deann.varunes@ct.gov

4

## VERIFICATION

I, _____, hereby certify that I have reviewed the above

responses to Defendant's Response to Plaintiff's First Set of Interrogatories and

First Request for Production of Documents thereto and that the responses

thereto are true and accurate to the best of my knowledge and belief.

_____
Counselor Scribinski (Skribiski)

Subscribed before me this _____ day of September, 2014.

_____
Notary Public

Paulette Williams
Notary Public
My Commission Expires _____

5

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 23rd day of September, 2014 to:

Mr. David Abrams
Inmate # 241224
Cheshire Correctional Center
900 Highland Avenue
Cheshire, CT  06410

DeAnn S. Varunes
Assistant Attorney General

## BY WAY OF PRODUCTION

1.    A true copy of any and all documents pertaining to the answer of

interrogatory number:

(a) Two above;

(b) Three above;

(c) Four above;

(d) Five above;

(e) Six above;

(f) Seven above;

(g) Eight above;

**I do not possess any documents responsive to this request.**

2.    A true copy of any and all non-privileged statements and documents,

as defined in Rule-26(b) of the Federal Rules of Civil Procedure of any party

in this civil action concerning this lawsuit or, its subject matter. Please also

note Rule-39 of the Local Rules.

**OBJECTION. This request is overly broad, unlimited as to time and**

**scope, and is unlikely to lead to the discovery of admissible**

7

evidence.  Furthermore, I do not have access to non-privileged documents of other defendants to this action.

Subject to and without waiving the foregoing objection, I will conduct further investigation regarding my response to this production request.

Dated: July 29, 2014

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID ABRAMS | :    CIVIL NO. 3:15CV56 (JCH) |
| a/k/a ABRAHAMS | : |
|     *Plaintiff,* | : |
| | : |
| VS. | : |
| | : |
| COUNSELOR SCRIBINSKI, ET AL. | : |
|     *Defendants.* | :    September 22, 2014 |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### DIRECTED TO DEFENDANT CAPTAIN CLAUDIO

The defendant, Captain Claudio, hereby responds to plaintiff's First Set of Interrogatories and Request for Production of Documents as follows:

1.      State and spell correctly your first name, middle initial and surname as exactly and currently shown on your state motor vehicle driver's license.

**Answer:**

**The information you have is sufficient for the purposes of this litigation. However, there is no dispute that I am a Captain and that my last name is Claudio.**

2.      State the <u>exact date</u> when you was first assigned to the <u>MacDougall Correctional Institution (MCI)</u>, and state the correctional institution you had directly originated from before your assignment to the <u>M.C.I.</u>

**Answer:**



I was assigned to MacDougall-Walker Correctional Institution in July
2012, having transferred from Northern Correctional Institution.

3.      Had the DOC agency imposed any disciplinary action against you
during the period of January 1, 2008 through December 31, 2013

**Answer:**

> **OBJECTION.  Due to safety and security concerns, I will not answer
> this interrogatory.**
>
> **Subject to and without waiving the foregoing objection, the answer is
> no.**

4.      If the answer to the above interrogatory number three was in the
affirmative, please provide specific details on that or those acts of misconduct
you were disciplined by the DOC agency and the very date the impose
disciplinary action was taken against you, including eh exact disciplinary action
that was or were imposed upon you for such misconduct.

**Answer:**

> **See Response to Interrogatory 3, above.**

5.      Did you make a request to the DOC to have the plaintiff transferred out

of the <u>MacDougall Correctional Institution</u>?

**Answer:**

    **No.**

6.    If the answer to the above interrogatory number five was in the affirmative, state the exact date that you made such a request to the <u>DOC</u> agency.

**Answer:**

    **See Response to Interrogatory 5, above.**


                    DEFENDANT
                    Captain Claudio

                    GEORGE JEPSEN
                    ATTORNEY GENERAL


                    BY: _DeAnn S. Varunes_
                    DeAnn S. Varunes
                    Assistant Attorney General
                    Federal Bar No. 25903
                    110 Sherman Street
                    Hartford, CT  06105
                    Telephone No:  (860) 808-5450
                    Fax No. (860) 808-5591
                    E-mail:  deann.varunes@ct.gov

## VERIFICATION

I, _Ana Claudio_ , hereby certify that I have reviewed the above responses to Defendant's Response to Plaintiff's First Set of Interrogatories and First Request for Production of Documents thereto and that the responses thereto are true and accurate to the best of my knowledge and belief.

Captain Claudio

Subscribed before me this _9, 22nd_ day of September, 2014.

Notary Public

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail,

postage prepaid, this $23^{nd}$ the day of September, 2014 to:

Mr. David Abrams
Inmate # 241224
Cheshire Correctional Center
900 Highland Avenue
Cheshire, CT  06410

DeAnn S. Varunes
Assistant Attorney General

5

## BY WAY OF PRODUCTION

1.      A true copy of any and all documents pertaining to the answer of
interrogatory number:

   (a) Two above;

   (b) Four above;

   (c) Five above;

   (d) Six above;


**OBJECTION.  I do not possess any documents responsive to this
request.**


2.      A true copy of any and all non-privileged statements and documents,
as defined in Rule-26(b) of the Federal Rules of Civil Procedure of any party
in this civil action concerning this lawsuit or, its subject matter.  Please also
note Rule-39 of the Local Rules.


**OBJECTION.  This request is overly broad, unlimited as to time and
scope, and is unlikely to lead to the discovery of admissible evidence.**


**Subject to and without waiving the foregoing objection, I will conduct
further investigation regarding my response to this production request.**


6

2μ+h
P₂C

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DAVID ABRAMS
a/k/a ABRAHAMS
    *Plaintiff,*

    VS.

COUNSELOR SCRIBINSKI, ET AL.
    *Defendants.*

CIVIL NO. 3:15CV56 (JCH)

:
:
:
:
:
:
:
:
:
:

SEPTEMBER 22, 2014

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT DEPUTY WARDEN GUADARRAMA

The defendant, Deputy Warden Gudarrama, hereby responds to plaintiff's

First Set of Interrogatories and Request for Production of Documents as follows:


1.    State and spell correctly your first name, middle initial and surname as

exactly and currently shown on your state motor vehicle driver's license.

**Answer:**

    The information you have is sufficient for the purposes of this

litigation. However, there is no dispute that I am a Deputy Warden

and that my last name is "Guadarrama."


2.    State and spell correctly the full name and inmate number (DOC #) for

the following inmates:

        a.  Bruce Williams (as shown in the Amended Complaint);

        b.  Paul Graziand (as shown in the Amended Complaint);

        c.  David Copas (as shown in the Amended Complaint).


ATTACHMENT

Answer:

OBJECTION. Due to safety and security concerns of those identified, I will not answer this interrogatory.

3. Was <u>Defendant Counselor Scribinski</u> on duty at the <u>MacDougall Correctional Institution (MCI)</u> at Suffield, Connecticut on <u>March 26, 2014</u>?

Answer:

**OBJECTION. This interrogatory is irrelevant as to plaintiff's complaint, as he asserts no allegations regarding March 26, 2014.**

**Subject to and without waiving the foregoing objection, to the extent that plaintiff is referring to March 26, 2013, a date cited in his complaint (paragraph 4), defendant Counselor Skribinski was on duty at MacDougall-Walker Correctional Institution on March 26, 2013.**

4. State the full name (correct spelling) and their <u>Department of Correction (DOC)</u> rank and/or title of the following <u>DOC</u> agency employees who are described in the <u>Amended Complaint</u>:

a. <u>CTO – Mitchell;</u>

b. <u>C/O – Proutty;</u>

c. <u>C/O – Harman.</u>

Answer

OBJECTION. With the exception of the information provided below, identifiers as to non-defendants raise safety and security concerns and will not be provided.

Subject to and without waiving the foregoing objection, defendant responds as follows:

     a. Counselor Treatment Officer Mitchell

     b. Corrections Officer Prouty

     c. Corrections Officer Harmon.

5.    On what specific dates between <u>April 29, 2013 through June 25, 2013</u> was the following <u>DOC</u> agency employees on duty at the <u>MCI</u> and their assigned post:

    a. <u>Counselor Scribinski;</u>

    b. Captain Claudio;

    c. Deputy Warden Guadarrama;

    d. CTO – Mitchell;

    e. C/O – Prouty;

    f. C/O – Harman.

Answer:

OBJECTION.  This interrogatory is irrelevant as to individuals who
are not parties to this action. Furthermore, due to safety and security
concerns, I will not identify the assigned posts of defendants.

Subject to and without waiving the foregoing objection, to the best of
my knowledge and belief, and after review of the relevant
documents, I state as follows:

- Counselor Skribinski was on duty the following dates:

    1. April 29, 30, 2013
    2. May 1, 2, 3, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 20, 21, 22, 23,
       24, 28, 29, 30, 31, 2013
    3. June 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 17, 18, 20, 21, 24, 25,
       2013

- Captain Claudio was on duty the following dates:

    1. April 29, 30, 2013
    2. May 1, 2, 3, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 20, 21, 22,
       23, 24, 28, 29, 30, 31, 2013
    3. June 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 17, 18, 19, 20, 21,
       24, 25, 2013

- I was on duty the following dates:

    1. April 29, 30, 2013

2.  May 1, 2, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 20, 21, 22, 23,

28, 29, 30, 31, 2013

3.  June 4, 5, 6, 7, 10, 11, 12, 13, 14, 17, 18, 19, 20, 24, 25,

2013

6.      State the full name, DOC inmate number and the racial classification

of any and all inmates at the MCI who were given pay prison job assignments to

be specifically performed within the inmate housing units of H-Pod (Cell #1

through #96), J-Pod (Cell #1 through #96) and L-Pod (Cell #1 through #96)

during the period of January 1, 2010 through June 25, 2013.   (Attach your

answer to this discovery request).

**Answer:**

**OBJECTION.  This interrogatory is too expansive as to time, intended**

**to harass, and raises safety and security concerns of inmates other**

**than plaintiff.**

Subject to and without waiving the foregoing objection, I can confirm

that plaintiff, a Black male, inmate #241224, was the primary worker

in the laundry area until May 10, 2013.  He was given another paying

job assignment on or about May 17, 2013.

7.      State the full name, DOC inmate number and racial classification of

any and all inmates in the MCI who were given pay prison job assignments to be specifically performed within the inmate housing units of H-Pod, J-Pod and L-Pod , and were suspended and/or terminated from their pay prison job assignments during the period of January 1, 2010 through June 25, 2013. (Attach your answer to this discovery request).

Answer:

See Response to Interrogatory 6, above.

8. State the exact date when the following defendants and other DOC agency employees were first assigned to the MCI, and state the correctional institution they had directly originated from before their assignment to the MCI.

a. Counselor Scribinski;

b. Captain Claudio;

c. Deputy Warden Guadarrma;

d. CTO – Mitchell;

e. C/O – Proutty

f. C/O – Harman.

Answer:

OBJECTION. This interrogatory is irrelevant and unlikely to lead to the discovery of admissible evidence. Furthermore, information concerning non-defendants cannot be provided due to safety and

6

security concerns and any response thereto will not lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objection, to the best of my knowledge and belief, and after review of the relevant documents, I state as follows:

a. Counselor Chilbinski began her career as an employee of the Department of Correction assigned to MacDougall-Walker Correctional Institution in August 2003.

b. Captain Claudio transferred to MacDougall-Walker Correctional Institution in July 2012, from Northern Correctional Institution.

c. Deputy Warden Guadarrama transferred to MacDougall-Walker Correctional Institution in April 2011, from Manson Youth Institution.

DEFENDANT
Deputy Warden Guadarrama

GEORGE JEPSEN
ATTORNEY GENERAL

BY: _DeAnn S. Varunes_ .
DeAnn S. Varunes
Assistant Attorney General
Federal Bar No. 25903
110 Sherman Street
Hartford, CT  06105
Telephone No:  (860) 808-5450
Fax No. (860) 808-5591
E-mail:  deann.varunes@ct.gov

## VERIFICATION

I, _Zane Guadarrama_, hereby certify that I have reviewed the above

responses to Defendant's Response to Plaintiff's First Set of Interrogatories and

First Request for Production of Documents thereto and that the responses

thereto are true and accurate to the best of my knowledge and belief.

_Zane Guadarrama_
Warden Guadarrama

Subscribed before me this 22 day of September, 2014.

_Paulette Williams_
Notary Public

Paulette Williams
Notary Public
My Commission Expires 7/2017

9

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail,

postage prepaid, this 23ʳᵈ the day of September, 2014 to:

Mr. David Abrams
Inmate # 241224
Cheshire Correctional Center
900 Highland Avenue
Cheshire, CT 06410

DeAnn S. Varunes
Assistant Attorney General

BY WAY OF PRODUCTION

1.    A true copy of any and all documents pertaining to the answer of

interrogatory number:

    (a) Two (a) through (c);

    (b) Three above;

    (c) Four (a) through (c);

    (d) Five (a) through (f);

    (e) Six above;

    (f)  Seven above;

    (g) Eight (a) through (f);

**OBJECTION.  Due to safety and security concerns, documents**

**responsive to this request, if any, shall not be provided.**

2.    A true copy of any and all documents which provides an official DOC

listing of the full names, inmate numbers, cell housing number and racial

classification for any and all assigned inmates at the MCI's H-Pod, J-Pod and

L-Pod covering the period of July 1, 2012 through December 31, 2013.


OBJECTION.  Due to safety and security concerns, documents

responsive to this request, if any, shall not be provided.

3.    A true copy of any and all J-Pod (J-1 and J2 unit wings) "control" and

"utility" MCI log books covering the period of May 1, 2013 through July 25,

2013.

OBJECTION. Due to safety and security concerns, documents

responsive to this request, if any, shall not be provided.

4.      A true copy of any and all fixed ceiling base surveillance video tapes of

J2 unit wing/pod and/or portable hand-held video tapes from period of May 1,

2013 through May 26, 2013.

**OBJECTION. Pursuant to Department of Correction policy and**
**procedure, plaintiff was required to request retention of any video**
**tapes within 30 days of the incident in question. If plaintiff did not**
**request such retention, the videos were not retained.**

5.      A true copy of any and all DOC photographs, incident and/or

investigation reports, laboratory tests reports, pertaining to the plaintiff's

allegations described in Paragraph – P1 of the Amended Complaint which has an

affix date placed by the plaintiff of April 21, 2014 and filed with the federal court in

this instant civil action.

**There are no documents responsive to this request.**

6.      Any and all true copies of DOC inmate disciplinary reports, inmate

work performance and termination reports pertaining to the plaintiff covering

the period of January 1, 2005 through December 31, 2013.

**See attached.**

12

7.    A true copy of any and all computer printout disciplinary history of the

plaintiff from the DOC date banks covering the period of January 1, 1998

through the present date of July 29, 2014.

    See attached.


8.    A true copy of any and all documents in connection to the procedural,

instructional, practice, and/or custom utilize by the DOC agency to test for

"Prune" substance discovered in any and all Connecticut Correctional

institutions.

    **There are no documents responsive to this request.**

9.    A true copy of any and all reports notes and/or email pertaining to your

contact with the plaintiff's son form May 1, 2013 through December 31, 2013.

    **There are no documents responsive to this request.**

10.    A true copy of any and all DOC documents pertaining to disciplinary

action taken by the DOC against the following DOC agency employees during

the period of January 1, 2008 through December 31, 2013:


    (a) Counselor Scribinski;

    (b) Captain Claudio;

    (c) Deputy Warden Guadarrama;

    (d) CTO-Mitchell;

    (e) <u>C/O-Prouty;</u>

    (f) <u>C/O-Harman.</u>

       **OBJECTION. Due to safety and security concerns, no documents**

**responsive to this request, if any, shall be provided.**

11.    A true copy of any and all <u>DOC</u> documents pertaining to the <u>DOC</u>

agency's request and decision to transfer the plaintiff from the <u>MCI</u> to the

<u>Cheshire Correctional Institution (CCIC) in Cheshire. Connected</u> dated during

the period of <u>January 1, 2012 through December 31, 2013.</u>

    **OBJECTION. Due to safety and security concerns, no documents**

**responsive to this request, if any, shall be provided.**


    **Subject to and without waiving the foregoing objection, see attached.**


12.    A true copy of any and all <u>DOC</u> inmate administrative remedies

(grievances) filed and/or attempted to file (rejected by <u>DOC</u>) by the plaintiff

covering the period of <u>January 1, 2010 through December 31, 2013.</u>

    **See attached.**

13.    A true copy of any and all non-privileged statements and documents,

as defined in <u>Rule-26(b) of the Federal Rules of Civil Procedure</u> of any party

in this civil action concerning this lawsuit or, its subject matter. <u>Please also</u>

<u>note Rule-39 of the Local Rules.</u>

OBJECTION. This request is overly broad, unlimited as to time and

scope, and is unlikely to lead to the discovery of admissible

evidence. Furthermore, I do not have access to non-privileged

documents of other defendants in this action.

Subject to and without waiving the foregoing objection, I will conduct

further investigation regarding my response to this particular

request.

Dated: July 29, 2014

15