UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID ABRAMS, #241224  :  PRISONER NO. 3:14-CV-56(JCH)
  Plaintiff

V.  :  PRO SE FILING

SARA SCRIBINSKI, et al.  :  May 4, 2015

MOTION FOR THE ASSIGNMENT
OF COUNSEL

Pursuant to 28 U.S.C. Section 1915(d), the pro se plaintiff, David Abrams, hereby respectfully moves this Court to assign him counsel to litigate this civil suit against the defendants Sara Scribinski, Ana Claudio, and Jesus Guadarrama all of MacDougall C.I. In support of this Motion, the plaintiff represents as follows:

1. This is a pro se action for punitive & compensatory damages against the 3 defendants.

2. The plaintiff, currently incarcerated at Cheshire C.I. is suing the defendants in their individual capacities for

their conduct against the plaintiff in May & June 2013 while he was incarcerated at MacDougall C.I. and employed as a laundry worker.

3. The plaintiff was improperly dismissed as laundry worker after 21 months on the job and given a shower job as a substitute 7 days later.

4. He was then transferred out of MacDougall on June 25, 2013 after filing a number of requests/complaints to officials regarding the conduct of Ana Claudio & Sara Scribinski.

5. The plaintiff, who is indigent, is refiling this motion for a third time pursuant to the Court's ruling denying his motion in December 2014.

6. The plaintiff has followed the Court's instructions and contacted Inmates' Legal Assistance Program (ILAP) requesting legal representation for this civil suit.

7. Attorney Michael Rubino, Jr. responded to plaintiff's request on behalf of the organization. His letter is attached to this motion.

8. As stated in the 2nd motion dated Sept. 2014, the plaintiff contacted attorneys Matthew Collins, Jon Drapp, Conrad Seifert,

-2-

Bruce McIntyre, Frank Riccio, and Robert Photos, attaching letters to the Motion. Only Bruce McIntyre responded & declined. To date the plaintiff has contacted a total of seven attorneys/organizations with no offers of representation.

9. The plaintiff's imprisonment will greatly limit his ability to litigate. The issues involved in this case require significant research and investigation. The plaintiff has limited access to the law library and limited knowledge of the law.

10. The plaintiff has yet to be deposed.

11. A trial in this case will involve conflicting testimony and an attorney would better enable the plaintiff to present evidence and cross-examine witnesses.

12. The plaintiff represents that these specific facts demonstrate good cause for assignment of counsel.

Respectfully Submitted,
David Abrams, #241224

BY: _David Abr_____
David Abrams, #241224
900 Highland Ave.
Cheshire, CT 06410

CERTIFICATION

This is to certify that this Motion for Assignment of Counsel was filed in accordance with 28 U.S.C. Section 1915(d) of the Federal Civil Procedures Book and was mailed this 4th day of May, 2015 to Deann S. Varunes, Assistant Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

ORDER

The foregoing Motion having been heard it is hereby ORDERED:

GRANTED / DENIED

BY THE COURT

_____
Judge / Clerk / Assistant Clerk

-4-

## SCHULMAN & ASSOCIATES
### INMATES' LEGAL ASSISTANCE PROGRAM

Senior Partner
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Associate Attorneys
Richard P. Cahill
Peter Downs
Michael A. Rubino, Jr.
Kenneth J. Speyer
Karess Cannon
Grace Pagan

April 14, 2015

David Abrams
#241224
Cheshire C.I.
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Abrams:

I am writing in response to your letter to Inmates' Legal Assistance Program (ILAP), which was received at ILAP on April 3, 2015. In your letter, you request legal representation in connection with a 1983 Civil Rights action.

Pursuant to the revised contract between ILAP and the State of Connecticut, this office is limited to providing advice as to process and procedure, as well as on the preparation of documents, in cases involving conditions of confinement only. Thus, effective September 1, 2003, ILAP will no longer provide assistance or advice on any civil matter not related to the conditions of confinement. Where ILAP has assisted an inmate with a non-conditions of confinement case prior to September 1, 2003, we will continue to do so until the matter is concluded.

As stated in Jenkins v. Haubert, 179 F.3d 19, 28 ($2^d$ Cir. 1999)(internal citations omitted):

> "Conditions of confinement" is not a term of art; it has a plain meaning. It quite simply encompasses all conditions under which a prisoner is confined for his term of imprisonment. These include terms of disciplinary or administrative segregation such as keeplock or solitary confinement, as well as more general conditions affecting a prisoner's quality of life such as: the revocation of telephone or mail privileges or the right to purchase items otherwise available to prisoners; and the deprivation of exercise, medical care, adequate food and shelter, and other conditions that, if improperly imposed, could violate the Constitution.

Please note that the new terms of our contract also preclude ILAP from providing case law and other materials to inmates when an ILAP attorney has not determined that a *prima facie* case exists. As before, ILAP can only provide advice and assistance when a *prima facie* case can be made against the defendant or defendants. Black's Law Dictionary defines a *prima facie* case as follows:

A *prima facie* case consists of sufficient evidence in the type of case to get plaintiff past a motion for a directed verdict in a jury case or a motion to dismiss in a nonjury case; it is evidence necessary to require the defendant to proceed with his case.

In other words, you need to present evidence that is sufficient to require the defendant to proceed with the case. If the facts of your claim do not support a *prima facie* case, this office is both ethically and contractually precluded from assisting you in the matter.

However, ILAP cannot represent prisoners before any Court or administrative body, with the exception of female inmates located at York CI.

Very truly yours,

Michael A. Rubino, Jr.

MAR/ms